FILED
JUL 31 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

STEVEN A. KELLER )
1625 Q Street NW # 201 )
Washington, DC 20009 )
202-234-3233, )
    )
    Plaintiff )
    )
v. )   Case: 1:07-cv-01388
    )   Assigned To : Urbina, Ricardo M.
LINDA M. SPRINGER, DIRECTOR, )   Assign. Date : 7/31/2007
U.S. OFFICE OF PERSONNEL )   Description: Admn. Agency Review
MANAGEMENT )
1900 E Street NW )
Washington, DC 20415, )
    )
    Defendant. )

# COMPLAINT

Plaintiff Steven A. Keller hereby files this complaint and alleges as follows:

## NATURE OF ACTION

1.      This is an action pursuant to the Administrative Procedure Act, 5 U.S.C. §§ 500 - 706, for review of a final agency action of defendant Linda M. Springer, Director, United States Office of Personnel Management ("OPM") under the Federal Employees Health Benefits Act ("the Act"), 5 U.S.C. §§ 8901 - 8914, affirming the denial of Plaintiff's claims for health care reimbursement by CareFirst BlueCross BlueShield, the local participating health care plan in Washington, DC, associated with the Blue Cross and Blue Shield Association (collectively, "BC/BS"), which is a participating insurance carrier under OPM's Federal Employees Health Benefits Program ("FEHBP"). This complaint seeks a declaration and order directing OPM to require BC/BS to pay the amount of benefits in dispute.

1

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over this action pursuant to 5 U.S.C. §§ 702 and 8912, and 28 U.S.C. §§ 1331 and 1346(a).

3. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(e) and 1402(a), as the judicial district in which the Plaintiff and the Defendant reside, and in which a substantial part of the events or omissions giving rise to the claims alleged herein occurred.

## THE PARTIES

4. Plaintiff is a resident of Washington, DC, is an employee of the United States, within the meaning of 5 U.S.C. § 8901(1), and is a participant in the FEHBP administered by OPM.

5. Defendant OPM is an agency of the United States charged with administering the Act pursuant to 5 U.S.C. § 8901 *et seq.*

6. BC/BS is an insurance carrier under contract with OPM to provide a health benefit plan to federal employees under the Act, pursuant to 5 U.S.C. § 8902, as part of the FEHBP.

7. Plaintiff and Defendant are both "persons" within the meaning of 5 U.S.C. § 701.

## CLAIM FOR RELIEF

8. At all times relevant hereto, Plaintiff was enrolled in the approved health service benefit plan, standard option, provided for federal employees by BC/BS under its contract with OPM pursuant to the Act ("the Plan").

9. The official statement of benefits, limitations, and exclusions of the Plan are set forth in an annual brochure issued by BC/BS and authorized for distribution by OPM, entitled "Blue Cross and Blue Shield Service Benefit Plan" ("the Brochure").

10. During calendar year 2006, Plaintiff incurred expenses relating to professional health services provided to Plaintiff for treatment of certain "covered services," as that term is defined in the 2006 Brochure, for which BC/BS provides benefits under the Plan.

11. The provider of the professional health services referenced in the preceding paragraph ("the Provider") is not a "preferred provider," as that term is defined in the 2006 Brochure, and therefore reimbursement of covered services is governed by the benefit terms for non-preferred providers as described in the 2006 Brochure.

12. On or about December 18, 2006, Plaintiff timely submitted to BC/BS his claim for reimbursement of the expenses described in Paragraph 10 ("the Claim"), a portion or all of which was subject to reimbursement under the Plan pursuant to the benefit terms for non-preferred providers as described in the 2006 Brochure.

13. On or about January 17, 2007, BC/BS denied the Claim in its entirety, stating that the Provider was a "noncovered provider."

14. On or about February 1, 2007, Plaintiff timely submitted to BC/BS a written request for reconsideration of the denial of the Claim in its entirety in accordance with the disputed claims process described in the 2006 Brochure, pointing out, among other things, that the Brochure does not define the term "noncovered provider;" that the Brochure does not exclude from coverage the services rendered by the Provider and that these services were in fact "covered

services" as defined in the Brochure; and that the Provider falls within the definition of "covered provider" as set forth in the Brochure.

15. On or about February 20, 2007, BC/BS denied Plaintiff's written request for reconsideration, stating that services rendered by the Provider were not eligible for benefits coverage because the Provider was not listed as a "preferred provider" in the BC/BS preferred provider directory.

16. On or about March 2, 2007, Plaintiff timely submitted to OPM a written appeal of the denial of the Claim by BC/BS, in accordance with the disputed claims process described in the 2006 Brochure, pointing out, among other things, that the undisputed fact that the Provider is not a "preferred provider" and is not listed in the BC/BS preferred provider directory is not a basis for a total denial of benefits, and that the Provider's status as a non-preferred provider means only that reimbursement of covered services is governed by the benefit terms for non-preferred providers as described in the 2006 Brochure instead of the benefit terms for preferred providers.

17. In his written appeal to OPM, Plaintiff also again pointed out, among other things, that the Brochure does not define the term "noncovered provider;" that the Brochure does not exclude from coverage the services rendered by the Provider and that these services were in fact "covered services" as defined in the Brochure; and that the Provider falls within the definition of "covered provider" as set forth in the Brochure.

18. On or about April 4, 2007, OPM issued its written decision upholding the denial of the Claim in its entirety by BC/BS, and refusing to order BC/BS to pay all or the portion of the Claim that is eligible for reimbursement under the Plan pursuant to the benefit terms for non-

preferred providers as described in the 2006 Brochure, stating, among other things, that while it agreed that the services provided by the Provider were "covered services" under the Plan, the Provider was a noncovered provider because the Provider was not listed in the BC/BS preferred provider directory.

19. All available administrative appeals or review have been exhausted.

20. The decision of OPM as set forth in the preceding paragraph constitutes a final agency action within the meaning of the Administrative Procedure Act, 5 U.S.C. § 701 *et seq.*, and is subject to review by this Court pursuant to 5 U.S.C. § 8912 and its implementing regulation, 5 C.F.R. § 890.107.

21. The Brochure does not contain a definition of the term "noncovered provider."

22. The Brochure does not exclude from coverage the services rendered by the Provider for which Plaintiff seeks reimbursement in the Claim.

23. The services rendered by the Provider for which Plaintiff seeks reimbursement in the Claim are "covered services" as defined in the Brochure.

24. The Provider falls within the definition of "covered provider" as set forth in the Brochure.

25. The decision of OPM as set forth in Paragraph 18 is arbitrary, capricious, an abuse of discretion, and otherwise not in accordance with law.

26. Upon information and belief, the denial of the Claim in its entirety is part of a pattern and practice on the part of OPM to refuse to direct participating carriers in the FEHBP to pay meritorious claims for reimbursement of health care expenses to federal employees.

27. The position taken by OPM is not substantially justified.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court grant the following relief:

    a. A declaration that the expenses for professional health services provided to Plaintiff for which reimbursement was requested in the Claim are "covered services" provided by a "covered provider," as those terms are defined in the Brochure;

    b. An order directing the Defendant Director of OPM to require BC/BS to pay the full amount of benefits to which Plaintiff is entitled pursuant to his Claim;

    c. An award of Plaintiff's costs in this action; and

    d. Such other relief as the Court deems appropriate.

Respectfully submitted,

/s/ Steven A. Keller
STEVEN A. KELLER
1625 Q St NW # 201
Washington, D.C. 20009
202-234-3233
PLAINTIFF PRO SE

JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Steven A. Keller<br>Pro Se Plaintiff | Linda M. Springer, Director<br>US Office of Personnel Management |
| (b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF 11001<br>(EXCEPT IN U.S. PLAINTIFF CASES) Washington DC | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT<br>(IN U.S. PLAINTIFF CASES ONLY) _____<br>NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED |
| (c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)<br>1625 Q St NW # 201<br>Washington, DC  20009<br>(202) 234-3233 | Case: 1:07-cv-01388<br>Assigned To : Urbina, Ricardo M.<br>Assign. Date : 7/31/2007<br>Description: Admn. Agency Review |

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1  U.S. Government Plaintiff
○ 3  Federal Question (U.S. Government Not a Party)
⊙ 2  U.S. Government Defendant
○ 4  Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

**○ A. Antitrust**
☐ 410 Antitrust

**○ B. Personal Injury/Malpractice**
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

**⊙ C. Administrative Agency Review**
☐ 151 Medicare Act
Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☒ 890 Other Statutory Actions (If Administrative Agency is Involved)

**○ D. Temporary Restraining Order/Preliminary Injunction**
Any nature of suit from any category may be selected for this category of case assignment.
*(If Antitrust, then A governs)*

**○ E. General Civil (Other)    OR    ○ F. Pro Se General Civil**

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
- ⦿ 1 Original Proceeding
- ○ 2 Removed from State Court
- ○ 3 Remanded from Appellate Court
- ○ 4 Reinstated or Reopened
- ○ 5 Transferred from another district (specify)
- ○ 6 Multi district Litigation
- ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
5 USC 701 et seq; 5 USC 8912 - review of final agency action involving denial of federal employee health insurance benefits

**VII. REQUESTED IN COMPLAINT**  CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 ☐   DEMAND $ _____ JURY DEMAND: YES ☐ NO ☒   Check YES only if demanded in complaint

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   YES ☐   NO ☒   If yes, please complete related case form.   Nil

DATE July 31, 2007   SIGNATURE OF ~~ATTORNEY OF RECORD~~ PRO SE PLAINTIFF  /s/ A. Keller

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.   CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed <u>only</u> if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.   CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the <u>primary</u> cause of action found in your complaint. You may select only <u>one</u> category. You <u>must</u> also select <u>one</u> corresponding nature of suit found under the category of case.

VI.   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.   RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.