UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STEVEN A. KELLER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 07-1388 (RMU) |
| ) | |
| LINDA SPRINGER, Director, ) | |
| U.S. OFFICE OF PERSONNEL ) | |
| MANAGEMENT, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## ANSWER

Defendant Linda Springer, Director, U.S. Office of Personnel Management ("OPM"), by and through her undersigned attorneys, respectfully submits the following Answer to Plaintiff's Complaint:

### FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Defendant reserves the right to assert additional defenses, affirmative or otherwise.

### SPECIFIC RESPONSES

Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, Defendant answers the numbered paragraphs of the Complaint as follows:

1. This paragraph contains Plaintiff's characterization of this action and of his Complaint, not allegations of fact, and thus no response is required.

2. This paragraph contains conclusions of law and jurisdictional allegations, not

allegations of fact, and thus no response is required.

    3.  This paragraph contains conclusions of law, not allegations of fact, and thus no response is required.

    4.  Defendant denies the allegations in this paragraph, except to admit that, to the best of her knowledge, Plaintiff is presently: a resident of Washington, D.C.; a federal government employee; and a participant in the Federal Employees Health Benefits Plan ("FEHBP"), which is administered by OPM.  The allegation that Plaintiff is an employee within the meaning of 5 U.S.C. § 8901(1) is a conclusion of law, not an allegation of fact, and thus no response is required to this contention.

    5-6.  These paragraphs contain conclusions of law, not allegations of fact, and thus no response is required.  To the extent that an answer may be deemed required, the allegations are admitted.

    7.  This paragraph contains a conclusion of law and Plaintiff's characterization of 5 U.S.C. § 701 and other provisions of the Administrative Procedure Act ("APA"), not allegations of fact, and thus no response is required.  Defendant denies any characterization of the cited provision, which speaks for itself, and respectfully refers the Court to the cited provision for a complete and accurate statement of its contents.  To the extent that an answer may be deemed required, the allegations in this paragraph are denied.  Defendant further avers that the APA explicitly excludes agencies from its definition of the term "person."  See 5 U.S.C. §§ 551(2) (defining a "person" to "include[] an individual, partnership, corporation, association, or public or private organization <u>other than an agency</u>") (emphasis added), 701(b)(2) (incorporating the definition of "person" found in "section 551 of this title").

    8.  Defendant denies the allegations in this paragraph, except to admit that, during the

relevant period, Plaintiff was enrolled in the Standard Option of Blue Cross & Blue Shield's Service Benefit Plan.

9. This paragraph contains Plaintiff's characterization of the annual Blue Cross and Blue Shield Service Benefit Plan brochure, not allegations of fact, and thus no response is required. To the extent that Plaintiff refers to the 2006 version of this brochure, Defendant respectfully refers the Court to the text of that brochure, which appears in the administrative record and which is the best evidence of the document's contents, for a full and accurate statement of its contents.

10-11. These paragraphs contain conclusions of law and characterizations of the 2006 version of the Blue Cross and Blue Shield Service Benefit Plan brochure, not allegations of fact, and thus no response is required. Defendant respectfully refers the Court to the text of the 2006 version of the Blue Cross and Blue Shield Service Benefit Plan brochure, which appears in the administrative record and which is the best evidence of the document's contents, for a full and accurate statement of its contents.

12. This paragraph contains conclusions of law and characterizations of the Health Benefits Claim Form which Plaintiff submitted to Blue Cross Blue Shield's Federal Employee Program which was dated December 18, 2006 and the 2006 version of the Blue Cross and Blue Shield Service Benefit Plan brochure, not allegations of fact, to which no response is required. Defendant respectfully refers the Court to the text of the Health Benefits Claim Form and the 2006 version of the Blue Cross and Blue Shield Service Benefit Plan brochure, which appear in the administrative record and which are the best evidence of the documents' contents, for a full and accurate statement of their contents.

13. This paragraph contains characterizations of an Explanation of Benefits Statement

which appears in the administrative record for this action, not allegations of fact, to which no response is required. Defendant respectfully refers the Court to the text of the Explanation of Benefits statement, which appears in the administrative record and which is the best evidence of the document's contents, for a full and accurate statement of its contents.

      14. This paragraph contain conclusions of law and characterizations of a letter Plaintiff sent to CareFirst Blue Cross Blue Shield which was dated February 1, 2007 and of the 2006 version of the Blue Cross and Blue Shield Service Benefit Plan brochure, not allegations of fact, and thus no response is required. Defendant respectfully refers the Court to the text of the letter Plaintiff sent to CareFirst Blue Cross Blue Shield dated February 1, 2007 and to the 2006 version of the Blue Cross and Blue Shield Service Benefit Plan brochure, which appear in the administrative record and which are the best evidence of the documents' contents, for a full and accurate statement of their contents.

      15. This paragraph contains characterizations of a letter from CareFirst Blue Cross Blue Shield to Plaintiff dated February 20, 2007, not allegations of fact, and thus no response is required. Defendant respectfully refers the Court to the text of that letter, which appears in the administrative record, and which is the best evidence of the document's contents, for a full and accurate statement of its contents.

      16-17. These paragraphs contain conclusions of law and characterizations of a letter Plaintiff sent to OPM dated March 2, 2007 and of the 2006 version of the Blue Cross and Blue Shield Service Benefit Plan brochure, not allegations of fact, and thus no response is required. Defendant respectfully refers the Court to the text of the letter Plaintiff sent to OPM dated March 2, 2007 and the 2006 version of the Blue Cross and Blue Shield Service Benefit Plan brochure, which appear in the administrative record, and which are the best evidence of the documents'

contents, for a full and accurate statement of their contents.

18. This paragraph contains characterizations of the basis for and elements of a decision letter which OPM sent to Plaintiff on or about April 4, 2007, not allegations of fact, and thus no response is required. Defendant respectfully refers the Court to the text of that letter, which appears in the administrative record and which is the best evidence of the document's contents, for a full and accurate statement of its contents.

19. This paragraph contains conclusions of law, not allegations of fact, and thus no response is required.

20. This paragraph contains conclusions of law, and Plaintiff's characterization of the APA, 5 U.S.C. § 701 *et. seq.*, as well as of 5 U.S.C. § 8912 and 5 C.F.R. § 890.107, to which no response is required. Defendant denies any characterization of the cited provisions, which speak for themselves, and respectfully refers the Court to the cited provisions for a complete and accurate statement of their contents.

21.-24. These paragraphs contain conclusions of law and characterizations of the 2006 version of the Blue Cross and Blue Shield Service Benefit Plan brochure, not allegations of fact, and thus no response is required. Defendant respectfully refers the Court to the text of the 2006 version of the Blue Cross and Blue Shield Service Benefit Plan brochure, which appears in the administrative record and which is the best evidence of the document's contents, for a full and accurate statement of its contents.

25-27. Defendant denies the allegations in these paragraphs.

**PRAYER FOR RELIEF**

The remaining paragraphs of the complaint constitute a prayer for relief to which no response is required. To the extent a response is required, Defendant denies that Plaintiff is entitled

to any relief whatsoever as a matter of fact and/or law.

Defendant further avers that the "recovery" in a "legal action to review final action by OPM" involving the denial of a health benefits claim under the Federal Employee Health Benefits Act ("FEHBA") health benefits claim "shall be limited to a court order directing OPM to require the carrier to pay the amount of benefits in dispute." See, e.g., 5 C.F.R. § 890.107(c). Thus, several of the forms of recovery sought by Plaintiff are unavailable as a matter of law. Specifically, neither a declaratory judgment concerning the question of whether a particular type of expense is as a general rule a "covered service" under a plan brochure, nor an award of Plaintiff's costs, nor any other form of recovery is available in such an action under the FEHBA. Id.

Defendant expressly denies each and every allegation in the Complaint that is not expressly admitted in this Answer.

Defendant respectfully requests the Court to enter judgment dismissing this action with prejudice, affirming the validity of the challenged agency action, and awarding Defendant costs and such other relief as the Court may deem appropriate.

                                          Respectfully submitted,

                                          __/s/_____
                                          JEFFREY A. TAYLOR, D.C. BAR # 498610
                                          United States Attorney

                                          __/s/_____
                                          RUDOLPH CONTRERAS, D.C. BAR # 434122
                                          Assistant United States Attorney

        /s/_____
JONATHAN C. BRUMER, D.C. BAR # 463328
Special Assistant United States Attorney
555 Fourth Street, N.W., Room E4815
Washington, D.C. 20530
(202) 514-7431
(202) 514-8780 (facsimile)

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that, on this 19th day of November, 2007, the foregoing *Answer* was served on Plaintiff, pro se, by first class, postage pre-paid mail, addressed as follows:

> Steven A. Keller
> 1625 Q Street, N.W.
> Apartment # 201
> Washington, D.C. 20009

> ___/s/_____
> JONATHAN C. BRUMER, D. C. BAR # 463328
> Special Assistant United States Attorney
> 555 Fourth Street, N.W., Room E4815
> Washington, D.C. 20530
> (202) 514-7431
> (202) 514-8780 (facsimile)