UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STEVEN A. KELLER, )<br>)<br>Plaintiff, )<br>) Civil Action No. 1:07-CV-01388 RMU<br>)<br>LINDA M. SPRINGER, DIRECTOR, )<br>U.S. OFFICE OF PERSONNEL )<br>MANAGEMENT, )<br>)<br>Defendant. )<br>_____ ) | |

## SETTLEMENT AGREEMENT AND STIPULATION OF DISMISSAL

WHEREAS Plaintiff Steven A. Keller, a federal employee, has filed a complaint in this matter pursuant to the Administrative Procedure Act, 5 U.S.C. §§ 500 - 706, seeking review of a final agency action of defendant Linda M. Springer, Director, U.S. Office of Personnel Management ("OPM"), under the Federal Employees Health Benefits Act ("the Act"), 5 U.S.C. §§ 8901 -8914, that affirmed the denial of a claim for health care reimbursement ("the Claim") submitted by Plaintiff under the approved health service benefit plan, standard option, provided for federal employees by CareFirst BlueCross BlueShield, the local participating health care plan in Washington, DC, associated with the Blue Cross and Blue Shield Association (collectively, "BC/BS") under its contract with OPM pursuant to the Act;

WHEREAS the complaint alleges that the final agency action taken by Defendant in this matter was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, and seeks a declaration and order directing Defendant to instruct or otherwise cause BC/BS to pay the Claim in accordance with the terms of the federal employee health insurance coverage

under which Plaintiff is insured for payment of valid claims for reimbursement of services provided by non-preferred providers;

WHEREAS Defendant has filed an Answer in this matter denying that its decision was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, and requesting that the relief sought by Plaintiff be denied and the Complaint dismissed; and

WHEREAS the parties desire to avoid the time and expense of further litigation in this matter, and agree that settlement of this action without further litigation is appropriate and that entry of this Stipulation is an acceptable means of resolving this matter;

NOW THEREFORE, before the taking of any testimony, without adjudiciation or admission of any issue of fact or law, and upon consent and agreement of the parties to this Agreement and Stipulation, it is hereby AGREED, STIPULATED and ORDERED:

The parties hereby stipulate and agree as follows:

1. Within 30 days of entry of this Stipulation and Order, Defendant shall take all necessary and appropriate steps to cause BC/BS to pay Plaintiff the sum of $534.45.

2. Within 30 days of entry of this Stipulation and Order, Defendant shall reimburse Plaintiff his costs incurred in filing and pursuing his litigation in the amount of $374.75.

3. If plaintiff does not receive payment in the sum of $534.45 within 60 days of entry of this Stipulation and Order, plaintiff may seek enforcement of this Stipulation and Order pursuant to Paragraph 8, below.

4. By entering into this Settlement Agreement, Defendant does not admit any error or other liability relating to its decision issued on or about April 4, 2007, to uphold the decision

of BC/BS to deny the Claim, and does not admit that the denial of the Claim by BC/BS was in error.

5. Payment of all amounts agreed to under the terms of this Settlement Agreement and Stipulation will settle Plaintiff's claims set forth in the Complaint as they relate to Plaintiff's claim for reimbursement of health care expenses incurred during calendar year 2006 as requested in the Claim.

6. This Settlement Agreement and Stipulation does not resolve any claims for reimbursement of health care expenses incurred by Plaintiff during any year other than calendar year 2006, nor may it be used as a basis for any claim or defense that is dependant on an adjudication of the merits of this case.

7. The undersigned representatives of Defendant certify that they are fully authorized to enter into the terms and conditions of this Settlement Agreement and Stipulation and to execute and legally bind that party to it.

8. The Court shall retain jurisdiction to interpret and enforce this Stipulation and Order.

9. This Settlement Agreement and Stipulation shall become effective on the date it is entered by the Court and shall constitute a stipulated dismissal pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii).

AS STIPULATED AND AGREED:

_____
STEVEN A. KELLER
1625 Q St NW #201
Washington, D.C. 20009
202-234-3233

PLAINTIFF PRO SE


_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney


_____
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney.


_____
MADELYN JOHNSON, D.C. BAR ##292318
Assistant United States Attorney
U.S. Attorney's Office, Rm E4114
555 4th Street, N.W.
Washington, D.C. 20530
*(202) 514-7135*

COUNSEL FOR DEFENDANT


IT IS SO ORDERED this _____ day of _____, 2008.


_____
U.S. DISTRICT COURT JUDGE

-4-